UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\- X

COURTNEY LINDE et al.,

                       Plaintiffs,

         - against -

ARAB BANK, PLC,

                       Defendant.

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\- X

**ORDER**

04 Civ. 2799 (BMC) (VVP)
and related cases[1]

      At the pretrial conference held on July 14, 2014, the Court reserved decision on whether to grant defendant's motion *in limine* sixteen, which sought to exclude evidence concerning terrorist organizations other than Hamas or its alleged charitable "front" organizations. Defendant contends this evidence is irrelevant and prejudicial. Defendant has since filed a motion *in limine* elaborating on this argument, which plaintiffs have opposed.

      Although this evidence is relevant to defendant's knowledge that the Saudi Committee funded terrorism generally, the Court will nevertheless exclude it under Federal Rule of Evidence 403. For evidence that the Saudi Committee gave money to, for example, the families of suicide bombers from non-Hamas terrorist groups to be relevant, plaintiffs would have to demonstrate that (1) the bombing occurred; (2) it was perpetrated by a particular individual; (3) who was a member of a particular terrorist group (which would necessitate background evidence

---

[1] The following related cases have been consolidated with this case for the purposes of discovery and other pretrial proceedings: Philip Litle, et al. v. Arab Bank, PLC, 04-CV-5449; Oran Almog, et al. v. Arab Bank, PLC, 04-CV-5564; Robert L. Coulter, Sr., et al. v. Arab Bank, PLC, 05-CV-365; Gila Afriat-Kurtzer, et al. v. Arab Bank, PLC, 05-CV-388; Michael Bennett, et al. v. Arab Bank, PLC, 05-CV-3183; Arnold Roth, et al. v. Arab Bank, PLC, 05-CV-03738; Stewart Weiss, et al. v. Arab Bank, PLC, 06-CV-1623.

relating to the nature of that group); and (4) that particular individual's family received money from the Saudi Committee. Defendant might wish to challenge plaintiffs on any of these points.

It is no answer for plaintiffs to argue that they do not "intend to offer testimony concerning the specific attacks perpetrated by terrorist belonging to other organizations" and that defendant is free to challenge their expert Arieh Spitzen's "determination that the Saudi Committee paid the families of at least 55 Palestinian suicide bombers through Arab Bank, and Mr. Spitzen can explain his research and conclusions." There is no way for defendant to make this challenge without inquiring into the specifics of these attacks. Thus, testimony concerning payments to the families of non-Hamas suicide bombers would leave defendant with the choice of either letting the damaging testimony stand unchallenged, or attacking it on some or all of the grounds listed above. Defendant would undoubtedly choose the latter, and thereby create multiple mini-trials on collateral issues.

Further, plaintiffs overstate the importance of payments to non-Hamas terrorists to their expert's testimony. Their expert has identified payments from the Saudi Committee to Hamas, including Hamas leaders and terror cells, as well as to families of Hamas terrorists responsible for some of the 24 attacks at issue in this trial. The added probative value of additional evidence concerning, for example, a martyr payment noting the cause of death as "French Hill Operation," is outweighed by the delay, confusion, and prejudice to defendant that would necessarily arise in explaining that the "French Hill Operation" was a terrorist attack in November 2001, allegedly perpetrated by the named "martyr," who was allegedly a member of Islamic Jihad, a Palestinian terrorist organization. And if the relevance of the term "French Hill Operation" is *not* explained, the jury would have no idea to what it refers, rendering the evidence irrelevant.

It bears noting that the structure of this trial is of plaintiffs' own devise. It was plaintiffs who proposed not to put attacks by Islamic Jihad, including the French Hill shooting attack, at issue in this trial. They cannot now complain if they are precluded from using evidence relating to non-Hamas terrorist groups as freely as they might wish.

Plaintiffs are correct that Judge Gershon's decision imposing sanctions on defendant stated that the jury would be instructed that "it may infer that defendant processed and distributed payments on behalf of the Saudi Committee to terrorists, including those affiliated with named terrorist organizations and those who are unaffiliated, their relatives, or representatives." Linde v. Arab Bank, PLC, 269 F.R.D. 186, 202 (E.D.N.Y. 2010). That decision, however, predated Judge Gershon's adoption of plaintiffs' proposal of a bifurcated trial focusing solely on defendant's alleged support for Hamas. It would not be appropriate to instruct the jury in this trial as to defendant's alleged support for other terrorist organizations.

Defendant's motion *in limine* is therefore granted, to the extent that evidence of Saudi Committee payments to alleged terrorists (or their relatives, representatives, etc.) unaffiliated with Hamas is excluded. However, it is possible that defendant may open the door to the admission of this evidence, should defendant attempt to use this limitation as a sword rather than a shield. If, for example, defendant argues that the admissible Hamas transfers were the only transfers to terrorists that plaintiffs' expert could identify, plaintiffs will be permitted to rebut that argument with evidence concerning transfers to other terrorist groups.

Defendant also seeks to exclude evidence of defendant's internal correspondence concerning certain Saudi Committee prisoner payments, also not related to Hamas. The Court is inclined to admit at least some of this evidence. If offered to show defendant's knowledge of how the Saudi Committee program worked and its eligibility criteria – rather than defendant's

3

knowledge that funds were going to terrorists – the risk of a mini-trial seems markedly less. However, plaintiffs should not need to admit a great amount of this correspondence in order to make this showing, and should be selective in the documents they seek to admit. The Court will exclude such evidence to the extent it proves cumulative. It will also give an appropriate limiting instruction if defendant timely requests it.

**SO ORDERED.**

                                                                 U.S.D.J.

Dated: Brooklyn, New York
       July 22, 2014