UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
    COURTNEY LINDE et al.,

                            Plaintiffs,     **ORDER**

             - against -    04 Civ. 2799 (BMC) (VVP)

    ARAB BANK, PLC,

                            Defendant.
----------------------------------------------------------- X
    ROBERT L. COULTER, SR. et al.,

                            Plaintiffs,

             - against -    05 Civ. 365 (BMC) (VVP)

    ARAB BANK, PLC,

                            Defendant.
----------------------------------------------------------- X

**COGAN**, District Judge.

    Before me is the Linde and Coulter plaintiffs' [1222] letter motion for leave to amend their complaints to add new plaintiffs, and for reconsideration of my ruling excluding any new plaintiffs from the upcoming damages trial.

    Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Motions to join a party under Rule 21 are governed by the same standard as motions to amend under Rule 15. See LCE Lux HoldCo S.a.r.l. v. Entm't GM de Mexico S.A. de C.V., 287 F.R.D. 230, 236 (S.D.N.Y. 2012). Leave to amend a complaint pursuant to Rule 15 should be given freely "when justice so requires." Fed.

R. Civ. P. 15(a)(2).  Although leave to amend is "liberally granted," it may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted).  Mere delay, without a showing of bad faith or undue prejudice, is not a basis for a district court to deny leave to amend.  See id.

Based on these considerations, I am granting plaintiffs leave to amend their complaints,[1] subject to the following "just terms": the new plaintiffs will not receive the benefit of the jury's findings as to liability in these cases, except that they may move for summary judgment as to liability based on the principles of collateral estoppel, if and when that becomes appropriate.  This condition should alleviate any possible concern that the new plaintiffs will have been able to "hang back" from this litigation and claim an "unearned windfall."  With this limitation, I see no reason to compel these plaintiffs to commence a new action, as it would leave them in the same position.

Plaintiffs also move, pursuant to Local Civil Rule 6.3, for reconsideration of my decision to exclude these new plaintiffs from the upcoming damages trial.  Reconsideration should be granted only where "the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Plaintiffs have not offered any facts or decisions that I overlooked.  I am not persuaded that adding the damages claims of the new plaintiffs would promote efficiency.  The date for the damages trial has already been extended once.  Adding the claims of three new plaintiffs, which

---

[1] Although both the Linde and Coulter plaintiffs seek to amend "their existing complaint", and only offer one proposed amendment, without a caption, there are two operative complaints that would need to be amended. Plaintiffs are given leave to amend both of these complaints.

2

would require written discovery and depositions for other relevant fact and expert witnesses, would risk delaying the trial again. Moreover, any perceived inefficiency or prejudice that plaintiffs believe would be caused by omitting these claims from the trial is the result of their calculated decision to emerge only after the liability trial. Finally, since the liability findings in this case do not apply to the new plaintiffs, any damages inquiry as to their alleged injuries is premature.

      Accordingly, plaintiffs' motion is granted in part and denied in part. The amended complaints must be filed by April 3, 2015.

**SO ORDERED.**

                                                                         _____
                                                                              U.S.D.J.

Dated: Brooklyn, New York
         February 24, 2015